IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON, | : |
| Plaintiff, | : CIVIL ACTION NO.: 2:23-cv-01698 |
| v. | : ELECTRONICALLY FILED |
| NANDYPROTECTINGFAMILIES LLC; ETHOS TECHNOLOGIES INC. | : |
| Defendants. | : |

## ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant NandyProtectingFamilies LLC (hereinafter "Defendant" or "Defendant Nandy"),[1] by and through its attorneys, Lechter & Sasso, P.C., a Professional Corporation, files this Answer to the corresponding-numbered paragraphs of the Class Action Complaint (hereinafter "Complaint"), of Plaintiff, James Everett Shelton (hereinafter "Plaintiff"), averring as follows:

### NATURE OF ACTION

1. Denied. The allegations of paragraph 1 of the Complaint are conclusions of law to which no response is required, and accordingly, they are denied.

2. Denied. The allegations of paragraph 2 of the Complaint are conclusions of law to which no response is required, and accordingly, they are denied.

---

[1] While Plaintiff's Complaint names two defendants — NandyProtectingFamilies LLC and Ethos Technologies Inc.—this response is filed *only* on behalf of Defendant NandyProtectingFamilies LLC.

3. Denied. It is specifically denied that Defendant Nandy is an agent of Defendant Ethos Technologies Inc. ("Ethos"). To the contrary, Defendant Nandy is an independent insurance agent who has never sold a policy for or on behalf of Ethos, nor made any "telemarketing" for or on behalf of Ethos.

4. Denied. The allegation of paragraph 4 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

5. Denied. The allegation of paragraph 5 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

## PARTIES

6. Denied. Defendant is without knowledge or information as to the truth or falsity of the averment in paragraph 6 of the Complaint, and accordingly, it is denied.

7. Denied. Defendant is without knowledge or information as to the truth or falsity of the averment in paragraph 7 of the Complaint, and accordingly, it is denied.

8. Admitted in part; denied, in part. It is admitted that Defendant is a Delaware Limited Liability Company ("LLC"). It is denied that Defendant makes telemarketing calls into this or any other [Federal Court] Districts. By way of further response, Defendant only *returns* calls to individuals who have requested information via vendor for insurance products. Defendant does **not** contact random numbers, nor does it contact individuals whom it is aware are on the Do Not Call List.

## JURISDICTION AND VENUE

9. Denied. The averment of paragraph 9 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

10. Denied. The allegations of paragraph 10 of the Complaint are conclusions of law to which no response is required, and accordingly, they are denied.

11. Denied. The averment of paragraph 11 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

## TELEPHONE CONSUMER PROTECTION ACT — TCPA

12. Denied. The averment of paragraph 12 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

13. Denied. The averment of paragraph 13 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

14. Denied. The averment of paragraph 14 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

15. Denied. The averment of paragraph 15 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

16. Denied. The averment of paragraph 16 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

## FACTUAL ALLEGATIONS

17. Denied. The averment of paragraph 17 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

18. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 18 of the Complaint, and accordingly, it is denied.

19. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 19 of the Complaint, and accordingly, it is denied. Strict proof of the same is demanded at the time of trial.

20. Denied. Defendant is an independent insurance agent who purchases leads from vendors with populated lists of individuals receptive to information calls.

21. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 21 of the Complaint, and accordingly, it is denied.

22. Denied. The averment of paragraph 22 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

23. Denied.  Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 23 of the Complaint, and accordingly, it is denied.

24. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 24 of the Complaint, and accordingly, it is denied.

25. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 25 of the Complaint, and accordingly, it is denied.

26. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 26 of the Complaint, and accordingly, it is denied.

27. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 27 of the Complaint, and accordingly, it is denied.

28. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 28 of the Complaint, and accordingly, it is denied.

29. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 29 of the Complaint, and accordingly, it is denied.

30. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 30 of the Complaint, and accordingly, it is denied.

31. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 31 of the Complaint, and accordingly, it is denied.

32. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 32 of the Complaint, and accordingly, it is denied.

33. Admitted.

34. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 34 of the Complaint, and accordingly, it is denied.

35. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 35 of the Complaint, and accordingly, it is denied.

36. Admitted.

37. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 37 of the Complaint, and accordingly, it is denied.

38. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 38 of the Complaint, and accordingly, it is denied.

39. Admitted in part, denied, in part. It is admitted that two calls were made to Plaintiff by Defendant's assistant; the second call to Plaintiff was purely to apologize for making the first call in error.

40. Denied. It is emphatically denied that Defendant made any calls promoting Ethos life insurance policies, as Defendant has never had any contact with Ethos, nor sold any policy on behalf of Ethos.

41. Denied, and for the reasons set forth in ¶ 40, supra.

42. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 42 of the Complaint, and accordingly, it is denied.

43. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 43 of the Complaint, and accordingly, it is denied.

44. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 44 of the Complaint, and accordingly, it is denied.

45. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 45 of the Complaint, and accordingly, it is denied.

### Ethos Vicarious Liability

46. Denied. The allegations of paragraph 46 of the Complaint are conclusions of law to which no response is required, and accordingly, they are denied.

47. Denied. The allegations of paragraph 47 of the Complaint are conclusions of law to which no response is required, and accordingly, they are denied.

48. Denied. The allegations of paragraph 48 of the Complaint are conclusions of law to which no response is required, and accordingly, they are denied. By way of further response, and as set forth in ¶ 40, supra, Defendant—an independent insurance broker—has never had any contact with Ethos.

49. Denied. The allegation of paragraph 49 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

50. Denied. The allegation of paragraph 50 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied. By

way of further response, and as set forth in ¶ 40, supra, Defendant—an independent insurance broker—has never had any contact with Ethos.

51. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 51 of the Complaint, and accordingly, it is denied. By way of further response, and as set forth in ¶ 40, supra, Defendant—an independent insurance broker—has never had any contact with Ethos.

52. Denied. As set forth in ¶ 40, supra, Defendant—an independent insurance broker—has never had any contact with Ethos, and is certainly not a "vendor" acting on behalf of Ethos.

53. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 53 of the Complaint, and accordingly, it is denied. By way of further response, and as set forth in ¶ 40, supra, Defendant—an independent insurance broker—has never had any contact with Ethos, and is certainly not a "vendor" acting on behalf of Ethos.

54. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 54 of the Complaint, and accordingly, it is denied. By way of further response, and as set forth in ¶ 40, supra, Defendant—an independent insurance broker—has never had any contact with Ethos, and is certainly not a "vendor" acting on behalf of Ethos.

55. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 55 of the Complaint, and accordingly, it is denied. By way of further response, to the extent that the allegation of paragraph

55 of the Complaint constitutes a conclusion of law, no response is required, and accordingly, the allegation is denied.

56. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 56 of the Complaint, and accordingly, it is denied. By way of further response, the allegation of paragraph 56 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

57. Denied. Defendant is without knowledge or information as to the truth or falsity of the allegation in paragraph 57 of the Complaint, and accordingly, it is denied.

58. Denied. The allegations of paragraph 58 of the Complaint are conclusions of law to which no response is required, and accordingly, they are denied.

## Class Action Allegations

59. Denied. The allegation of paragraph 59 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

60. Denied. The allegation of paragraph 60 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

61. Denied. The allegation of paragraph 61 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

62. Denied. The allegation of paragraph 62 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

63. Denied. The allegation of paragraph 63 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

Further, the allegation is wildly speculative, not tethered to reality, and constructed solely for the financial gain of counsel for the putative class action.

64. Denied. The allegation of paragraph 64 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

65. Denied. The allegation of paragraph 65 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

66. Denied. The allegations of paragraph 66 of the Complaint are conclusions of law to which no response is required, and accordingly, they are denied.

67. Denied. The allegation of paragraph 67 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

68. Denied. The allegation of paragraph 67 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

69. Denied. The allegations of paragraph 69 of the Complaint are conclusions of law to which no response is required, and accordingly, they are denied.

70. Denied. The allegations of paragraph 70 of the Complaint are conclusions of law to which no response is required, and accordingly, they are denied. Further, the allegation is wildly speculative, not tethered to reality, and constructed solely for the financial gain of counsel[2] and his law firm for the putative class action.

---

[2] According to the public records of the Pennsylvania Supreme Court, Plaintiff's counsel, Jeremy Chamberlin Jackson, was admitted to the Pennsylvania Bar on November 2, 2015. It is respectfully submitted that Mr. Jackson lacks the requisite experience and tenure at the Bar to be appointed counsel for the putative Class, as requested in "C" of Plaintiff's Prayer for Relief.

# FIRST CAUSE OF ACTION

## Telephone Consumer Protection Act
(Violations of 47 U.S.C. ¶ 227)
(On Behalf of Plaintiff and the National Do Not Call Registry Class)

71. Denied. The allegation of paragraph 71 of the Complaint constitutes a conclusion of law to which no response is required, and accordingly, it is denied.

72. Denied. The allegations of paragraph 72 of the Complaint are conclusions of law to which no response is required, and accordingly, they are denied.

73. Denied. The allegations of paragraph 73 of the Complaint are conclusions of law to which no response is required, and accordingly, they are denied.

74. Denied. The allegations of paragraph 74 of the Complaint are conclusions of law to which no response is required, and accordingly, they are denied.

75. Denied. The allegations of paragraph 75 of the Complaint are conclusions of law to which no response is required, and accordingly, they are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. If the Plaintiff's allegations of fact, as set forth in Plaintiff's Complaint are proven to be true at trial, all of which are expressly and repeatedly denied by Defendant, then the Defendant acted unintentionally and with insufficient culpability to establish a cause of action under the TCPA or any other federal statute.

3. At all times relevant hereto, the Defendant acted without malicious intent and acted in good faith and with reasonable justification or belief in the legality and lawfulness of its actions.

4. Defendant's alleged actions or omissions were not the cause in fact or the proximate cause of the harm alleged by the Plaintiff.

5. Plaintiff's damages, if any, are unrelated to any actions or omissions on the part of Defendant.

6. Plaintiff was not deprived of any rights secured by the United States Constitution or any federal or state statute.

7. Defendant, at all times material to Plaintiff's Complaint, acted properly, in good faith, and within its legal authority.

**PRAYER FOR RELIEF**

This is **NOT** a class action, and lacks the requisite numerosity (20–40 members) for the initial certification by a Judge of this Court to identify it as such from the start. Rather, it is a wholly frivolous action brought by a single party (Plaintiff, James Everett Shelton) hoping that just, maybe—through a skillful marketing/advertising campaign—he and his counsel can gather enough claimants against common defendants to pass the initial class action threshold and proceed forward.

**WHEREFORE**, Defendant NandyProtectingFamilies LLC respectfully requests that the Court dismiss this action against it in its entirety, sanction Plaintiff and his counsel for filing a frivolous law suit, and award costs and reasonable attorneys fee to Defendant NandyProtectingFamilies LLC, along with such other relief that this Court deems just and proper.

Dated:  June 30, 2023

Respectfully submitted,

LECHTER & SASSO, P.C.

By: _/s/ Ernest Sasso_____
Ernest Sasso, Esquire
Pennsylvania Attorney I.D. No. 34883
Lynne Kessler Lechter, Esquire
Pennsylvania Attorney I.D. No. 59815
Attorneys for Defendant NandyProtectingFamilies LLC
1845 Walnut Street, 25th Floor
Philadelphia, Pennsylvania 19103-4725
(215) 564-6000 [Telephone]
(215) 598-0977 [Fax]
sasso@lechtersasso.com [E-Mail]
lechter@lechtersasso.com [E-Mail]