**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES EVERETT SHELTON, on behalf of himself and others similarly situated,<br><br>          Plaintiff,<br><br>  vs.<br><br>NANDYPROTECTINGFAMILIES, LLC AND ETHOS TECHNOLOGIES INC.<br><br>         Defendants. | Case No. 2:23-cv-01698-KSM |

**DEFENDANT ETHOS TECHNOLOGIES INC.'S
ANSWER TO CLASS ACTION COMPLAINT**

   Defendant Ethos Technologies Inc. ("Ethos") hereby submits the following answer and defenses to Plaintiff's Complaint (the "Complaint"), ECF No. 1. Any allegations that are not specifically admitted herein are denied, including any allegations contained in the headings and unnumbered paragraphs in the Complaint.

**GENERAL DENIAL**

   Ethos generally denies any allegation of unlawful conduct. Ethos further denies that Plaintiff has suffered, or will suffer, any injury or damages in the manner or sum alleged, or in any manner or sum whatsoever, by reason of any act, breach, or omission of Ethos or its agents, employees, shareholders, subsidiaries, or representatives.

   Ethos answers the allegations in the numbered paragraphs in the Complaint as follows:

<u>**ANSWER TO COMPLAINT'S INDIVIDUALLY NUMBERED PARAGRAPHS**</u>

1.　　　Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id*. § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id*. § 2(9).

<u>**ANSWER**</u>:　　　Answering Paragraph 1 of the Complaint, this Paragraph does not contain factual allegations to which an answer is required.  To the extent that Paragraph 1 is construed to contain factual allegations that require a response, the allegations are denied.

2.　　　"The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to

2

achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER**:     Answering Paragraph 2 of the Complaint, this Paragraph does not contain factual allegations to which an answer is required.  To the extent that Paragraph 2 is construed to contain factual allegations that require a response, the allegations are denied.

3.     The Plaintiff alleges that NandyProtectingFamilies LLC ("Nandy"), an agent of Ethos Technologies Inc. ("Ethos") made unsolicited telemarketing calls on Ethos behalf to his residential telephone number that is listed on the National Do Not Call Registry.

**ANSWER**:     Ethos denies the allegations in Paragraph 3 of the Complaint.

4.     Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

**ANSWER**:     Ethos denies the allegations in Paragraph 4 of the Complaint.

5.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER**:     Ethos denies the allegations in Paragraph 5 of the Complaint.

## PARTIES

6.     Plaintiff James Everett Shelton is an individual citizen and resident of this District.

3

**ANSWER**:   Answering Paragraph 6 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

7.   Defendant Ethos Technologies Inc. is a Texas corporation that does business in this District.

**ANSWER**:   Answering Paragraph 7 of the Complaint, Ethos admits that it is a Delaware corporation with its principal place of business in Texas.

8.   Defendant NandyProtectingFamilies LLC is a Delaware limited liability company that makes telemarketing calls into this District.

**ANSWER**:   Answering Paragraph 8 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

### JURISDICTION AND VENUE

9.   This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 et seq.

**ANSWER**:   Answering Paragraph 9 of the Complaint, Ethos admits that this Court has subject matter under 28 U.S.C. § 1331.  Ethos denies the remaining allegations in Paragraph 9 of the Complaint.

10.   This Court has personal specific jurisdiction over both Defendants because they telemarketing calls into this District, just as they did with the Plaintiff. Indeed, Nandy's principal, Ms. Nandy Ghonda, is licensed in Pennsylvania as an insurance producer. Furthermore, Ethos Technologies is registered to do business in this District.

4

**ANSWER**:    Answering Paragraph 10 of the Complaint, Ethos admits that it is registered to conduct business in the state of Pennsylvania.  Ethos denies the allegation that it conducts telemarketing calls.  As to the remaining allegations in Paragraph 10, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

11.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff is a resident of this District.

**ANSWER**:    Answering Paragraph 11 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

## TCPA BACKGROUND

12.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER**:    Answering Paragraph 12 of the Complaint, this Paragraph does not contain factual allegations to which an answer is required.  To the extent that Paragraph 12 is construed to contain factual allegations that require a response, the allegations are denied.

The National Do Not Call Registry

13.    § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

**ANSWER**:     Answering Paragraph 13 of the Complaint, this Paragraph does not contain factual allegations to which an answer is required.  To the extent that Paragraph 13 is construed to contain factual allegations that require a response, the allegations are denied.

14.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER**:     Answering Paragraph 14 of the Complaint, this Paragraph does not contain factual allegations to which an answer is required.  To the extent that Paragraph 14 is construed to contain factual allegations that require a response, the allegations are denied.

15.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

**ANSWER**:      Answering Paragraph 15 of the Complaint, this Paragraph does not contain factual allegations to which an answer is required.  To the extent that Paragraph 15 is construed to contain factual allegations that require a response, the allegations are denied.

16.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER**:     Answering Paragraph 16 of the Complaint, this Paragraph does not contain factual allegations to which an answer is required.  To the extent that Paragraph 16 is construed to contain factual allegations that require a response, the allegations are denied.

## FACTUAL ALLEGATIONS

17.     Defendants are a "person" as the term is defined by 47 U.S.C. § 153(39).

**ANSWER**:   Ethos admits the allegations in Paragraph 17 of the Complaint.

18.   Ethos Technologies is an insurance company.

**ANSWER**:   Ethos denies the allegations in Paragraph 18 of the Complaint.

19.   To generate customers, Ethos Technologies relies on third party agents, such as Nandy to generate new customers.

**ANSWER**:   Answering Paragraph 19 of the Complaint, Ethos states that it utilizes a direct-to-consumer business model in addition to third party insurance agents to reach new customers.  Ethos denies the allegation that Nandy Ghonda and/or NANDYPROTECTINGFAMILIES, LLC are agents of Ethos.

20.   To generate new customers, Nandy makes telemarketing calls.

**ANSWER**:   Answering Paragraph 20 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

21.   At no point has the Plaintiff sought out or solicited information regarding Defendants' goods and services prior to receiving the telemarketing calls at issue.

**ANSWER**:   Answering Paragraph 21 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

Calls to Mr. Shelton

22.   Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER**:   Answering Paragraph 22 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

23.    Plaintiff's telephone number (the "Number"), 484-626-XXXX, is on the National Do Not Call Registry and has been registered continuously for more than one year prior to the calls at issue.

**ANSWER**:   Answering Paragraph 23 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

24.    The Number is a residential telephone number of Mr. Shelton.

**ANSWER**:   Answering Paragraph 24 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

25.    It is registered in his name and used for personal calls only.

**ANSWER**:   Answering Paragraph 25 of the Complaint, Ethos denies the allegation that Plaintiff uses his cell phone for personal calls only.  Plaintiff is a serial litigant and uses his cell phone number to manufacture TCPA lawsuits.

26.    It is not associated with a business.

**ANSWER**:   Answering Paragraph 26 of the Complaint, Ethos denies the allegation that Plaintiff's cell phone is not associated with a business.  Plaintiff uses his phone number to generate TCPA nuisance settlements as a business.

27.    Despite this, Nandy sent multiple telemarketing calls to be placed to Mr. Shelton.

8

**ANSWER**:   Answering Paragraph 27 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

28.     These calls were placed on March 4 (twice) and March 6 (four times), 2023.

**ANSWER**:   Answering Paragraph 28 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

29.     The Plaintiff did not answer five of these six calls as the Caller ID, (484) 257- 7453 indicated that a "Scam Likely".

**ANSWER**:   Answering Paragraph 29 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

30.     During the second call on March 4 at 11:08 AM, Mr. Shelton answered the phone but there was no one else on the other end and disconnected after approximately ten (10) seconds.

**ANSWER**:   Answering Paragraph 30 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

31.     Indeed, NoMoRobo, which won the federal government's award for detecting spam calls, identified that the caller ID 484-257-7453 as robocallers. *See* https://www.nomorobo.com/lookup/484-257-7453.

**ANSWER**:   Answering Paragraph 31 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

32.     However, the contact of Mr. Shelton persisted.

**ANSWER**:     Answering Paragraph 32 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

33.     Immediately after Plaintiff received a missed phone call from 484-257-7453 on March 6, 2023 at 9:35 AM, the Plaintiff was sent an automated text at 9:35 AM:

> Hi please call back (732) 835-2077 for your info request received by nandy ghonda, licensed agent. PS: Please click on this link for a free insurance quote tps://agents.ethoslife.com/invite/f1fcflif you are no longer interested, text no

**ANSWER**:     Answering Paragraph 33 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

34.     However, Mr. Shelton had not requested contact from Ethos Life.

**ANSWER**:     Answering Paragraph 34 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

35.     Mr. Shelton then received three more calls from (484) 257-7453 on March 6, 2023.

**ANSWER**:     Answering Paragraph 35 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

36.     Mr. Shelton received another automated text on March 7, 2023.

**ANSWER**:     Answering Paragraph 36 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

37.     Mr. Shelton then contacted Nandy via e-mail on March 7, 2023 and requested that he be placed on her Do Not Call List and receive a copy of her Do Not Call policy.

**ANSWER**:     Answering Paragraph 37 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

38.     Nandy did not send a copy of the Do Not Call policy.

**ANSWER**:     Answering Paragraph 38 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

39.     Instead, two more telemarketing calls were sent on March 9 from (484) 257-7453.

**ANSWER**:     Answering Paragraph 39 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

40.     All of the telemarketing calls from that number were sent to promote Ethos life insurance policies.

**ANSWER**:     Answering Paragraph 40 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

41.     On these calls, Nandy would try to sell the call recipient a policy from Ethos.

**ANSWER**:     Answering Paragraph 41 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

42.     During the last two (2) calls on March 9th, Mr. Shelton answered the phone but he was not interested in life insurance and disconnected the calls.

**ANSWER**:     Answering Paragraph 42 of the Complaint, Ethos lacks the knowledge or information sufficient to form a belief about the truth of the allegations therein, and therefore denies them on that ground.

43.     Plaintiff's privacy has been violated by the above-described telemarketing calls.

**ANSWER**:     Ethos denies the allegations in Paragraph 43 of the Complaint.

44.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, and they were annoyed and harassed.

**ANSWER**:     Ethos denies the allegations in Paragraph 44 of the Complaint.

45.     In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

**ANSWER**:     Ethos denies the allegations in Paragraph 45 of the Complaint.

### Ethos Vicarious Liability

46.     For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

**ANSWER**:     Answering Paragraph 46 of the Complaint, this Paragraph does not contain factual allegations to which an answer is required.  To the extent that Paragraph 46 is construed to contain factual allegations that require a response, the allegations are denied.

47.     In 2008, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations.

**ANSWER**:     Answering Paragraph 47 of the Complaint, this Paragraph does not contain factual allegations to which an answer is required.  To the extent that Paragraph 47 is construed to contain factual allegations that require a response, the allegations are denied.

48.     The FCC has instructed that sellers such as Ethos may not avoid liability by outsourcing telemarketing to third parties, such as Nandy:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment, limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "sellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013) (footnotes and alteration marks omitted).

**ANSWER**:     Answering Paragraph 48 of the Complaint, Ethos denies the allegation that it outsources telemarketing calls to third parties.  The remaining allegations in Paragraph 48 do not constitute factual allegations to which a response is required.  To the extent that the allegations in Paragraph 48 are construed to contain factual allegations that require a response, the allegations are denied.

49.     In 2013, the FCC held that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Id*. at 6574 ¶ 1.

**ANSWER**:    Answering Paragraph 49 of the Complaint, this Paragraph does not contain factual allegations to which an answer is required.  To the extent that Paragraph 49 is construed to contain factual allegations that require a response, the allegations are denied.

50.    Ethos is liable for telemarketing calls placed by Nandy to generate customers for Ethos.

**ANSWER**:    Ethos denies the allegations in Paragraph 50 of the Complaint.

51.    Ethos authorized Nandy to send telemarketing calls.

**ANSWER**:    Ethos denies the allegations in Paragraph 51 of the Complaint.

52.    Ethos controls the day-to-day activities of Nandy's telemarketing for Ethos.

**ANSWER**:    Ethos denies the allegations in Paragraph 52 of the Complaint.

53.    Ethos restricts the geographic footprint into which its telemarketing vendors, including Nandy, can cause calls to be made.

**ANSWER**:    Ethos denies the allegations in Paragraph 53 of the Complaint.

54.    Ethos provided the specific criteria for the leads it would accept and required its vendors, including Nandy, to adhere to those criteria.

**ANSWER**:    Answering Paragraph 54 of the Complaint, Ethos denies the allegation that NandyProtectingFamilies, LLC was a vendor for Ethos.  Ethos has no direct contractual relationship with either Nandy Ghonda or NandyProtectingFamilies, LLC.  As to the remaining allegations in Paragraph 54 of the Complaint, Ethos states that it requires all producers affiliated with Ethos to comply with all federal and state laws relating to marketing communications.

55.    Ethos knew or reasonably should have known that Nandy was violating the TCPA on Ethos's behalf but Ethos failed to take effective steps within its power to cause them to stop.

**ANSWER**:    Ethos denies the allegations in Paragraph 55 of the Complaint.

56.     Ethos has previously been implicated in TCPA lawsuits, including by violating the TCPA's prohibition on making calls to a National Do Not Call Registry number without the recipient's prior express consent.

**ANSWER**:     Answering Paragraph 56 of the Complaint, Ethos admits that it was named in three prior lawsuits brought by serial plaintiffs.  All of the prior TCPA lawsuits against Ethos were dismissed with no admission of liability by Ethos.

57.     A reasonable seller whose telemarketers are the targets of telemarketing complaints would and should investigate to ensure that its telemarketing complies with the TCPA.

**ANSWER**:     Answering Paragraph 57 of the Complaint, this Paragraph does not contain factual allegations to which an answer is required.  To the extent that Paragraph 57 is construed to contain factual allegations that require a response, the allegations are denied.

58.     The 2013 FCC ruling holds that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *In re DISH Network*, 28 FCC Rcd. 6592-93 ¶ 46. Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id*. at 6593 ¶ 46.

**ANSWER**:     Answering Paragraph 58 of the Complaint, this Paragraph does not contain factual allegations to which an answer is required.  To the extent that Paragraph 58 is construed to contain factual allegations that require a response, the allegations are denied.

## Class Action Allegations

59.     As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

**ANSWER**:     Paragraph 59 does not contain factual allegations to which an answer is required. To the extent that Paragraph 59 is construed to contain factual allegations that require a response, the allegations are denied.  Ethos expressly denies that Plaintiff's claims are amenable to class treatment.

60.     The class of persons Plaintiff proposes to represent is tentatively defined as:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of either Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

**ANSWER**:     Answering Paragraph 60 of the Complaint, Ethos admits that Plaintiff attempts to bring this action as a class action based on the class definition set forth in Paragraph 60 of the Complaint but denies that this case meets the requirements for class certification.  Ethos further states that Paragraph 60 does not contain factual allegations to which a response is required.  To the extent that Paragraph 60 is construed to contain factual allegations that require a response, the allegations are denied.  Ethos specifically denies that certification of the putative class defined herein—or any purported class or subclass—is or could be permitted.

61.     Excluded from the Class are counsel, the Defendants, and any entities in which the Defendant have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER**:      Paragraph 61 does not contain factual allegations to which an answer is required. To the extent that Paragraph 61 is construed to contain factual allegations that require a response, the allegations are denied.

62.      The Class as defined above are identifiable through phone records and phone number databases.

**ANSWER**:      Ethos denies the allegations in Paragraph 62 of the Complaint.  Ethos expressly denies that Plaintiff's claims are amenable to class treatment.

63.      The potential members of the Class number at least in the thousands.

**ANSWER**:      Ethos denies the allegations in Paragraph 63 of the Complaint.  Ethos expressly denies that Plaintiff's claims are amenable to class treatment.

64.      Individual joinder of these persons is impracticable.

**ANSWER**:      Ethos denies the allegations in Paragraph 64 of the Complaint.  Ethos expressly denies that Plaintiff's claims are amenable to class treatment.

65.      The Plaintiff is a member of the Class.

**ANSWER**:      Ethos denies the allegations in Paragraph 65 of the Complaint.  Ethos expressly denies that Plaintiff's claims are amenable to class treatment.

66.      There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a.   Whether Ethos is vicariously liable for the conduct of Nandy;

    b.   whether Defendants systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    c.   whether Defendants made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

    d.   whether Defendants' conduct constitutes a violation of the TCPA;

e.  whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

**ANSWER**:   Ethos denies the allegations in Paragraph 66 of the Complaint, including all of its subparts.  Ethos expressly denies that Plaintiff's claims are amenable to class treatment.

67.   Plaintiff's claims are typical of the claims of members of the Class.

**ANSWER**:   Ethos denies the allegations in Paragraph 67 of the Complaint.  Ethos expressly denies that Plaintiff's claims are amenable to class treatment.

68.   Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

**ANSWER**:   Ethos denies the allegations in Paragraph 68 of the Complaint.  Ethos expressly denies that Plaintiff's claims are amenable to class treatment.

69.   Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or its agents.

**ANSWER**:   Ethos denies the allegations in Paragraph 69 of the Complaint.  Ethos expressly denies that Plaintiff's claims are amenable to class treatment.

70.   The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER**:   Paragraph 70 does not contain factual allegations to which an answer is required. To the extent that Paragraph 70 is construed to contain factual allegations that require a response,

the allegations are denied.  Ethos expressly denies that Plaintiff's claims are amenable to class treatment.

**FIRST CAUSE OF ACTION**

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On behalf of Plaintiff and the National Do Not Call Registry Class)**

71.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

**ANSWER**:     Answering Paragraph 71 of the Complaint, Ethos incorporates by reference its admissions and denials set forth in the preceding Paragraphs.

72.     The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

**ANSWER**:     Ethos denies the allegations in Paragraph 72 of the Complaint.

73.     The Defendants' violations were negligent, willful, or knowing.

**ANSWER**:     Ethos denies the allegations in Paragraph 73 of the Complaint.

74.     As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

**ANSWER**:     Ethos denies the allegations in Paragraph 74 of the Complaint.

75.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**ANSWER**:     Ethos denies the allegations in Paragraph 75 of the Complaint.

## PRAYER FOR RELIEF

Ethos denies that Plaintiff or the Putative Class Members are entitled to any relief or remedy whatsoever, including, without limitation, certification of a class action or any relief sought in subparts A through G.  Ethos expressly denies Plaintiff's claims are amenable to class treatment.  Ethos denies any remaining allegations in the Prayer for Relief, including its subparts.

## DEFENSES

Further answering the Complaint, and as separate and distinct defenses thereto, subject to discovery and based on information and belief, and without assuming the burden of proof on any issue for which Plaintiff bears the burden of proof, Ethos asserts the following defenses:

## FIRST DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

Plaintiff's Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Ethos, including because Ethos did not make or cause to be made any phone calls to Plaintiff.

## SECOND DEFENSE

### (Failure to Join Party or Name Proper Defendant)

Any and all claims brought in the Complaint are barred, in whole or in part, by failure to join a necessary or indispensable party, and the failure to name the proper defendant.

## THIRD DEFENSE

### (Compliance with 47 C.F.R. § 64.1200(c)(2)(i))

Even assuming Ethos were the correct defendant, though it is not, any and all claims brought in the Complaint are barred in whole or in part because any violation of the TCPA occurred as a result of error, and, as part of its routine business practice, Ethos meets the standards for the safe harbor set forth in 47 C.F.R. § 64.1200(c)(2)(i).

## FOURTH DEFENSE

### (Consent)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff provided prior consent for any alleged calls within the meaning of the TCPA.

## FIFTH DEFENSE

### (Established Business Relationship)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff had an established business relationship with the individual(s) who contacted him (none of whom were Ethos, employees of Ethos or acting with authority on its behalf).

## SIXTH DEFENSE

### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Ethos cannot be held vicariously liable.  Further, Ethos did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the improper conduct of which the Complaint complains and cannot be held liable for it.

## SEVENTH DEFENSE

### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy and Unclean Hands)

Plaintiff is barred from asserting his claims, in whole or in part, by the doctrine of acquiescence, estoppel, waiver, and/or unclean hands. For example, Plaintiff cannot assert claims under the TCPA against Ethos or anyone else to the extent he voluntarily provided his telephone number for the purpose of receiving calls like the ones referenced in the Complaint.

### EIGHTH DEFENSE

### (Failure to Mitigate Damages)

Plaintiff is barred from asserting his claims in whole or in part by his failure to mitigate damages.

### NINTH DEFENSE

### (No Proximate Cause)

Ethos did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent that any harm occurred, the acts of third parties (such as independent contractor agents, vendors, Plaintiff himself, or other persons who provided the number on which Plaintiff was allegedly contacted) proximately caused any damages, injuries, or violations at issue, to the extent they occurred.

### TENTH DEFENSE

### (Standing)

Plaintiff lacks standing to bring the claims alleged in the Complaint, especially against Ethos because any harm allegedly caused by the alleged phone calls at issue is not fairly traceable to any violation allegedly committed by Ethos, pursuant to *Spokeo, Inc. v. Robins*, 575 U.S. 982 (2015). Plaintiff suffered no injury-in-fact to confer Article III standing because he welcomed the calls to generate TCPA lawsuits.

### ELEVENTH DEFENSE

**(Due Process)**

The imposition of liability under the TCPA on Ethos based on facts alleged, including the imposition of statutory damages on Ethos, would violate the Due Process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.  For example, certain definitions contained in the TCPA render the statute unconstitutionally vague.  Additionally, the statutory penalties sought by Plaintiff are excessive.

## TWELFTH DEFENSE

**(First Amendment)**

The TCPA and the regulations and rules, interpretations, and other rulings promulgated thereunder violate the First Amendment of the United States Constitution.  For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.  Ethos cannot be penalized to the extent violations were committed pursuant to an unconstitutional statute.

## THIRTEENTH DEFENSE

**(FCC Exceeding Delegated Authority)**

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Ethos reserves the right to raise any additional defenses, counterclaims, and third-party claims not asserted herein of which they may become aware of during discovery in this litigation and reserves the right to amend this Answer to assert any such defenses.

## JURY DEMAND

Ethos demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Ethos, having fully answered Plaintiff's Complaint, prays:

1.      That the Complaint be dismissed with prejudice;

2.      That judgment be entered in Defendant's favor;

3.      That all costs of this action be taxed against Plaintiff; and

4.      For such other and further relief as the Court deems proper.


Dated: June 30th, 2023

Respectfully submitted,

**DEFENDANT ETHOS TECHNOLOGIES INC.**

By: */s/ Austin Evans*
Austin Evans (PA Bar No. 201152)
King & Spalding LLP
500 W. 2nd Street, Suite 1800
Austin, TX 78701
Tel.: 512-457-2069
aevans@kslaw.com

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant Ethos Technologies Inc., hereby certifies that a true and correct copy of the foregoing was filed with the Court and served electronically through the CM-ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case.

This is the 30th day of June, 2023.

_/s/ Austin Evans_____
Austin Evans

_Attorney for Defendant Ethos Technologies Inc._